United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 23-11953-amc |
| Emily K Kupprion | Chapter 13 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Jan 21, 2026 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol    Definition**

\+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

\#    Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 23, 2026:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | #+ Emily K Kupprion, 174 Providence Ln, Lansdale, PA 19446-6679 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 23, 2026    Signature:    /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 21, 2026 at the address(es) listed below:

| Name | Email Address |
|---|---|
| DENISE ELIZABETH CARLON | on behalf of Creditor LOANDEPOT.COM  LLC bkgroup@kmllawgroup.com |
| JEANNE MARIE CELLA | on behalf of Debtor Emily K Kupprion paralegal@lawjmc.com  r46298@notify.bestcase.com;pennduke@gmail.com |
| KENNETH E. WEST | ecfemails@ph13trustee.com  philaecf@gmail.com |
| MATTHEW K. FISSEL | on behalf of Creditor LOANDEPOT.COM  LLC bkgroup@kmllawgroup.com, matthew.fissel@brockandscott.com |
| MICHAEL A. CATALDO | on behalf of Interested Party Hajra Khan mcataldo@gsbblaw.com |

District/off: 0313-2 | User: admin | Page 2 of 2
Date Rcvd: Jan 21, 2026 | Form ID: pdf900 | Total Noticed: 1

bkdocs@gsbblaw.com;cataldo.michaelr112072@notify.bestcase.com

United States Trustee

USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Emily K. Kupprion <br>     <u>Debtor</u> | CHAPTER 13 |
| loanDepot.com, LLC <br>     <u>Moving Party</u> <br> vs. <br> Emily K. Kupprion <br>     <u>Debtor</u> | NO. 23-11953 AMC |
| Kenneth E. West <br>     <u>Trustee</u> | 11 U.S.C. Section 362 |

## **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. As of December 17, 2025, the post-petition arrearage on the mortgage held by Movant on Debtor's residence is **$10,544.31**. Post-petition funds received after December 17, 2025, will be applied per the terms of this stipulation as outlined herein. The arrearage is itemized as follows:

| | |
|---|---|
| Post-Petition Payments: | October 2025 through December 2025 at $3,348.82 each |
| Suspense Balance: | ($1,051.15) |
| Fees & Costs relating to Motion: | $1,549.00 |
| **Total Post-Petition Arrears:** | **$10,544.31** |

2. The Debtor shall cure said arrearages in the following manner:

a). Beginning **January 2026** and continuing through **May 2026**, until the arrearages are cured, Debtor shall pay the present regular monthly mortgage payment of **$3,348.82** (or as adjusted pursuant to the terms of the mortgage) on or before the first (1ˢᵗ) day of each month, plus an installment payment of **$1,757.39** towards the arrearages on or before the last day of each month, with a final installment payment of **$1,757.36** due **June 2026**, at the address below:

loanDepot.com, LLC
P.O. Box 5710
Chicago, IL 60680-5681

b). Maintenance of current monthly mortgage payments to Movant thereafter.

3. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(4).

5. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

8. The parties agree that a facsimile signature shall be considered an original signature.

Date: December 23, 2025

/s/ Matthew Fissel
Matthew Fissel, Esq.
Attorney for Movant

Date: 1/9/25

Jeanne Marie Cella, Esq
Jeanne Marie Cella, Esq.
Attorney for Debtor

Date: January 12, 2026

/s/ Jack Miller *for*
Kenneth E. West
Chapter 13 Trustee

Approved by the Court this 21st day of Jan., 2026. However, the Court retains discretion regarding entry of any further order.

Bankruptcy Judge
Ashely M. Chan